**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Maynard Raymond Francis TAYLOR,
Defendant-Appellant.**

**No. 86–7039
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 3, 1986.

Pete J. Vallas, Mobile, Ala., for defendant-appellant.

J.B. Sessions, U.S. Atty., Mobile, Ala., for plaintiff-appellee.

---

Before GODBOLD, Chief Judge, and HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Maynard Raymond Francis Taylor appeals his conviction on the ground that the trial court erred in denying his motion to suppress large quantities of marijuana discovered pursuant to a warrantless arrest as well as statements made at or after his arrest. We affirm.

When a state officer makes an arrest for a federal crime, the legality of that arrest is to be determined by the law of the state in which the arrest takes place, subject to federal constitutional standards. *United States v. Ible*, 630 F.2d 389, 392–93 (5th Cir.1980). Under Alabama law, a warrantless arrest is lawful if an officer has reasonable cause to believe that the person arrested has committed a felony, although later it may appear that in fact no felony was committed. Ala. Code § 15–10–3(4) (1982). Reasonable cause exists when an arresting officer has facts and circumstances within his knowledge which are reasonably trustworthy and which would lead a prudent man to believe that the accused had committed a felony. *Nance v. State*, 424 So.2d 1358, 1362 (Ala.Crim.App.1982).

Appellant was apprehended after a truck driver notified the arresting officer, Alabama state trooper J.L. Linder, that the person driving appellant's truck had fired several shots at him. The truck driver furnished a detailed description of the truck from which the shots had been fired and identified the truck when he and state trooper Linder passed it on the interstate. Reasonable cause existed that appellant Taylor had committed a felony. The warrantless arrest was lawful under Alabama law, as was the subsequent search incident to that arrest. *See Lackey v. State*, 54 Ala.App. 693, 312 So.2d 96 (Ala.Crim.App. 1975). The district court properly denied the suppression motion.

AFFIRMED.